### THE HELDERBERG.

### THE MABEL.

### MacKAY v. PENNSYLVANIA R. CO.
### Nos. A–14714, A–14695.

District Court, E. D. New York.
Jan. 5, 1937.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan, of New York City, of counsel), for libelant MacKay.

Burlingham, Veeder, Clark & Hupper, of New York City (Fred Conger, of New York City, of counsel), for Pennsylvania R. Co.

Eggleston & Vander Clute, of New York City (Carl F. Vander Clute, of New York City, of counsel), for McCollum.

ABRUZZO, District Judge.

The barge Helderberg was damaged during a storm on April 8, 1935, while that barge, together with other barges including the barge Mabel, were at the mooring racks or light stakes of the Pennsylvania Railroad Company at South Amboy, N. J. The owner of the barge Helderberg, the libelant, MacKay, claims that the respondent, Pennsylvania Railroad Company, was the bailee of the barge and was responsible for the damage sustained by the said barge by reason of not properly taking care of the boat while in its possession.

The owner of the barge Helderberg seeks to hold the barge Mabel responsible because she was caused to break away and collide with the barge Helderberg.

The barge Helderberg was towed to South Amboy by the Pennsylvania Railroad Company where she was to be loaded with coal. The barge Mabel had been placed at the mooring racks by a Pennsylvania Railroad Company tug some time after the barge Helderberg had been landed. There were other barges riding in these racks.

On the late afternoon of April 7, 1935, a northeast wind began to blow and increased steadily throughout the night of April 7th and 8th and all day during April 8, 1935. This resulted in the seas becoming high and heavy which caused the barges to jump around and strain on their lines. Storm warnings had been posted throughout April 7 and 8, 1935. The proof further showed that the barge Mabel had parted a line. This permitted her to move up stream with the wind so that she came in contact with the Helderberg, causing the breastline of the barge Helderberg to part. This permitted the Helderberg and the two barges outside of her to swing out on the tide which caused the Mabel to drift into such a position that she would pound against the Helderberg.

Assistance was asked of the Pennsylvania Railroad Company, but the captain of the tug Canton of the Pennsylvania Railroad Company refused to go to the assistance of these barges because of the weather. This pounding continued for quite some time as a result of which the Helderberg sustained damages sued for herein.

The court finds that the libelant is entitled to a decree against the barge Mabel because she was caused to break away, drift, and collide with the moored barge Helderberg.

The Pennsylvania Railroad Company seeks to escape liability on the ground that it was not a bailee. If it were not a bailee, the Pennsylvania Railroad Company contends, it owed no duty to go to the assistance of these barges. The court cannot agree with this contention. The proof amply shows and indicates that the Pennsylvania Railroad Company was a bailee. This situation comes clearly within the decision in the case of Doherty v. Pennsylvania Railroad Company (C.C.A. Second Cir.) 269 F. 959, and within the opinion of Campbell, Judge of this district in The M. M. O'Brien (D.C.) 60 F.(2d) 976.

The case cited by the Pennsylvania Railroad Company, Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699, is clearly distinguishable and it did not overrule the doctrine set forth in Doherty v. Pennsylvania Railroad Company (C.C.A. Second Cir.) 269 F. 959.

The libelant, MacKay, is also entitled to a decree as against the respondent, Pennsylvania Railroad Company.

Let the decrees enter accordingly.